UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

-vs-                                          **NOTICE OF MOTION**

PRISCILLA VOGELBACHER                         **Docket No: 20-CR-98**
Defendant.
_____

| | |
|---|---|
| MOTION BY: | Frank M .Bogulski as attorney for Defendant Priscilla Vogelbacher |
| DATE, TIME & PLACE: | Before Hon. Michael Roemer United States District Court, 2 Niagara Square Buffalo, NY on a date and time convenient to the Court. |
| SUPPORTING PAPERS: | Affirmation of Frank M. Bogulski, Dated November 18, 2020 |
| RELIEF REQUESTED: | Motion to dismiss Count I , Bill of Particulars, Discovery, Preclusion of Statements, Preservation of Rough Notes, Witness Statements, Motion for Grand Jury Transcripts, Motion to suppress, Early Disclosure of Jencks Act Material, Brady Material, Disclosure of 404(b) Evidence , and leave to submit further motions |
| DATED: | Buffalo, New York<br>November 18, 2020 |

/s/FRANKM.BOGULSKI
FRANK M. BOGULSKI
Attorney for Defendant,
*Priscilla Vogelbacher*
286 Delaware Avenue, Suite
Buffalo, New York 14202
(716) 649-0090

TO:   Doug Penrose
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

  -vs-                                                             **AFFIRMATION**

PRISCILLA VOGELBACHER
              Defendant.
_____

       **FRANK M. BOGULSKI, ESQ.,** an attorney licensed to practice law in New York State and the Western District of New York, declares the following under penalty of perjury:

1. I represent the Defendant, Priscilla Vogelbacher, in the above-entitled action brought by the United States of America and as such am familiar with the facts and circumstances of the case.

2. The Defendant has been charged with Enticement of a Minor and two counts of travel to illicit sexual conduct in a superseded indictment filed on July 9, 2020.

3. Priscilla Vogelbacher was arraigned and pled not guilty to these charges.

## MOTION TO DISMISS COUNT 1

4. The defendant moves to dismiss Count 1 as facially deficient for failing to identify a separate state or federal crime under which Vogelbacher can be prosecuted as an element of a violation of 18 U.S.C. §2422(b).

5. In failing to identify the separate state or federal crime for which the defendant can be prosecuted, Count 1 of the indictment is facially invalid and should be dismissed.

6. A facially sufficient indictment (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution, *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

7. In failing to identify the statute or statutes for which the government intends to demonstrate the defendant to have violated is an essential component of fair notice to the defendant.

8. 18 U.S.C. §2422(b) requires proof that the alleged sexual activity violated a state or federal law. In the case at bar the indictment is silent relative to any state or federal statutory elements. Because the indictment on its face does not contain a specific New York Penal or Federal Law violation, the indictment relative to Count 1 is defective on its face and must be dismissed as a matter of law. The purpose of 18 U.S.C. § 2422(b) is to adequately put the defendant on notice of what he is charged with. This also relates to a due process element. Because the indictment fails with respect to the notice element it is also defective from a due process perspective and must be dismissed.

## BILL OF PARTICULARS

9. Pursuant to Rule 7(f) of the Federal Rules Criminal Procedure, the Defendant is requesting the following information in order to properly prepare a defense and avoid surprise at trial:

   a. The exact date, time, and place these alleged offenses occurred;

   b. The alleged means by which Vogelbacher used to persuade, induce, entice, coerce or persuade a minor.

   c. The type of sexual conduct that is alleged.

   d. Where the alleged conduct occurred.

   e. What statute was violated by the alleged sexual conduct.

   f. Whether or not the defendant acted alone or in concert with another individual.

## DISCOVERY

10. Pursuant to Rules 12 and 16 of the Federal Rules Criminal Procedure Defendant Vogelbacher is requesting that the government provide the following:

    a. Any and all lab reports involved in this case

    b. Arrest records from the arrest of Prisclla Vogelbacher

    c. Body camera footage from the arrest of Priscilla Vogelbacher;

    d. Any and all information or data obtained from the search of 215 S. Work St. Falconer, NY 14733's electronics, including but not limited to:

        i. San Disk 4 GB SDHC Card

        ii. San Disk Cruzer Glide 16 GB - USB Drive

    e. Affidavit and search warrant for hotel information obtained by Town of Elliott and/or Jamestown Police.

    f. Any/All Medical Reports from the alleged victim surrounding the alleged incidents.

11. In addition to these specific discovery demands, Defendant Priscilla Vogelbacher requests the following:

    a. Any written, recorded or oral or observed statement of the defendant (and of any alleged victim), including all notes, summaries, or memoranda concerning such

Statements made by any law enforcement agent or by any person acting under the direction of, or in cooperation with any law enforcement agent;

    b. Any transcript of testimony relating to the criminal action or pending against the defendant, given by the defendant, or any agent or employee of the defendant before any grand jury;

    c. Any statement by any alleged victim, whether or not the prosecutor intends to introduce the same at trial; All statements of witnesses and/or any notes concerning such statements made by any law enforcement officer;

    d. If the defendant was viewed or observed by any witness other than a law enforcement officer at any stage of the proceedings, the name and address of the witness and the circumstances under which the observations took place;

    e. Names and addresses of all witnesses (including government employees, agents, or informants) to any events which form the basis for these charges;

    f. Names of all law enforcement personnel present when the accused was taken into custody;

    g. Names of all law enforcement personnel present when any statement attributed to the defendant was made or recorded;

    h. Names of all law enforcement personnel present at any search performed in connection with this case;

    i. Any photograph or drawing relating to the criminal proceeding taken or made by a public servant engaged in law enforcement activity or by a person whom the prosecutor intends to call as a witness at trial, or which the Government intend to introduce at trial;

j. Any photograph or drawing purporting to contain the likeness of a human being that was shown to prospective witnesses or made with the participation of any witness (including the names of all persons participating in the preparation of such sketches or compositions, the names and addresses of all persons to whom the photographs or drawings were exhibited, as well as any documents that reflect the date, time, circumstances and result of such exhibition including any questions asked or statements made at any such preparation or exhibition);

k. Any photograph, photocopy, or other reproduction made by or at the direction of a police officer, peace officer or prosecutor of any property prior to its release, regardless of whether the Government intend to introduce at trial the property, or the photograph, photocopy or other reproduction;

l. Any audio or video tapes or other electronic recordings made of the defendant by police officials, including the name of the person who made the recording;

m. Any tapes, CD ROM's or other electronic recordings that the Government intends to introduce at trial regardless of whether such recording was made during the course of the criminal transaction;

n. Copies of all documents, police reports, notes, or memoranda, prepared or maintained by police officials containing information relating to this case including but not limited to:

o. copies of all search and/or arrest warrants, together with all supporting affidavits and any other documents in support of any warrant that resulted in the arrest of the defendant or the seizure of any property in this case;

p. any documents reflecting by whom, the exact date, time, location and manner in which the events underlying the charged offense were reported to the police;

q. tape recordings, complaint logs, and transcripts relating to any "911" call or call to the police relating to the crime charged;

r. tape recordings, dispatcher logs, transcripts or memoranda recording any police communications during the investigation of the crime charged;

s. any notes made by police officials concerning their investigation, whether to be used at trial or not;

t. any grand jury referral forms;

u. Copies of any written manuals, instructions, operational checklists or test guidelines, pertaining to the chemical test used to test the controlled substances in this case, as well as a complete description of any oral instructions received by persons conducting the chemical test, and copies of all notes, memoranda, or documents of any nature whatsoever regarding the testing and/or the procedures used and/or the results obtained;

v. any portion of any police department manual, directive, or policy statement governing the police conduct of this investigation in any respect;

w. An itemized description of any property recovered or seized during the investigation of the charges, the person or place from which the property was taken, the person effecting such seizure or receiving the property, the date or dates the property was seized or recovered, and whether such seizure was pursuant to a warrant;

x. Any physical evidence recovered or seized from the defendant (including blood, breath, hair, or other samples) as well as any records or documents relating to any test or analysis performed on the physical evidence or sample seized;

y.  The name and field of expertise of each person that the Government intends to call at trial as an expert witness, as well as:

    i.  the field and subject matter of the expert's expected testimony;

    ii.  a copy of the resume or curriculum vitae of the expert;

    iii. for each scientific examination or test performed, the name, author, and chapter of any reference manual or authoritative text referred to or relied upon;

    iv. If this expert has previously testified for the Government the date, case name, Court, indictment or docket number of the case in which the expert testified, as well as copies of any transcripts of that testimony.

z.  Defense counsel requests this information so that counsel might effectively represent the defendant. Reference manuals or scientific texts referred to by any expert in reaching the conclusions to which they will testify must be examined prior to trial so that the defense may have an opportunity to explore the authoritativeness of such texts, and raise appropriate objections at trial to testimony that is based on hearsay;

aa. Disclosure of the criminal record of the defendant within the possession or control of the Government;

bb. Any written report, oral report, document (including "lab notes," sketches, charts, computations, memoranda, audio or video tape, photograph, or other recording, whether included in whole or in part in any "report") or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to this case that are, or with the exercise of due diligence could come,

within the possession or control of the Government, including but not limited to what is described below.

cc. All information, in whatever form concerning any scientific tests or mental or physical examinations as to which no written report or document exists;

dd. All information, in whatever form, concerning any scientific tests or mental or physical examinations performed on the defendant or on blood, breath, hair, tissue, clothing, or other items or samples seized from the defendant or any codefendant;

ee. Documents concerning any chemical testing or analysis associated with this case, including all records or notes relating to:

   i. the type, quality, or quantity of the substance analyzed;

   ii. the preparation and calibration of any analytical instruments used;

   iii. the preparation, synthesis, or analysis of any solutions, reagents or other chemicals utilized in the chemical analysis;

   iv. the preparation, synthesis, or analysis of any chemical substances used as a standard, control or reference solution in the chemical analysis;

   v. the steps followed in performing any chemical analysis;

   vi. the number of times each analysis was performed and the results observed or recorded for each;

   vii. the output, in whatever form, of any instruments used to perform or assist in each analysis; and

   viii. any mathematical computations utilized

## SUBPOENA OF BODY CAMERA AND JAMESTOWN POLICE POLICY

12. If the government is in possession of any body camera footage from the arrest, interview, or otherwise related to the defendant or the alleged victim.

13. If so, Defendant is also requesting a subpoena to obtain any policy manuals the Jamestown Police Department keeps regarding body camera footage.

## PRECLUSION OF STATEMENTS

14. It appears that the government does not intend to use any statements from Ms. Vogelbacher against her at trial. This observation is based on a review of the discovery provided by the government. Consequently should the government use any statement at a later date, Defendant Vogelbacher is requesting any future statements be precluded.

## WITNESS STATAEMENTS

15. Under 18 U.S.C. § 3500 (the "Jencks Act"), a defendant is entitled to witness statements after the witness has completed his or her testimony on direct examination. This Court has, on a case-by-case basis, invoked its discretion to require production of Jencks Act statements in advance of the trial so that unnecessary delays will not take place during the course of the trial.

16. Defendant requests the Court to order the government to deliver to counsel immediately, but in no event not later than 30 days prior to the date of the trial, the following:

    a. any statement, however taken or recorded, or a transcription thereof, if any, made by the witness(es) to a grand jury;

    b. any written statement made by a witness that is signed or otherwise

    c. adopted or approved by the witness;

    d. any stenographic, mechanical, electrical or other recording transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement;

    e.    any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant including federal, state, local and other investigations whether or not the contents thereof have been incorporated in official records;

    f.    any notes and memoranda made by government counsel during the interviewing of any witness intended to be called by the government in its direct case. *Goldberg v. United States*, 425 U.S. 94, 101-108 (1976);

## **PRESERVATION OF ROUGH NOTES AND OTHER EVIDENCE**

17. Defendant moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records.

18. This motion is made so the trial court can determine whether disclosure of the notes is required under *Brady, Agurs, Giglio* and/or the *Jencks Act* (18 U.S.C. §3500) or the Fifth and/or Sixth Amendments of the United States Constitution.

19. Defendant also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of the defendant.

## **MOTION FOR GRAND JURY TRANSCRIPTS**

20. Defendant moves the Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(i), for disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted her. The Court should order production of the transcripts because defendant has a particularized need for the transcripts, outlined below, which outweighs the grand jury policy of secrecy. See, e.g., Pittsburgh Plate Glass Company v. United States, 360 U.S. 395, 400 (1959); see also, e.g., Dennis v. United States, 384 U.S. 855, 868-75 (1966).

21. Specifically, defendant is the subject of a "bare bones" indictment, which in many ways does not set out criminal conduct. Defendant has limited information as to who the witnesses against her

will be. The particularized need justifying disclosure is so that defendants are informed of what evidence actually exists against her, and so she can intelligently make a decision as to her course of action. For these reasons, the grand jury transcripts and evidence should be disclosed to defendant.

### MOTION TO CONTROVERT SEARCH WARRANT AND SUPPRESS EVIDENCE

22. The Defense asserts that the search warrants for the defendant's Facebook and Google accounts are overbroad.

23. Specifically the affidavits in support thereof assert that "communication through the internet" based off the alleged victim statement. The affidavits provide no direct dates or times relative to the communication, or the specifics linking particular apps or platforms just rather that multiple internet platforms were used and there was communication

24. Subsequently the Jamestown Police Department applied for and received broad warrant for all of the Defendants Google and Facebook information.

25. The warrant for the Defendant Facebook included "subscriber information, expanded subscriber content, photoprints, neoprints, uploaded and/or downloaded videos and photos, content of all Facebook messenger text chats (to include deleted texts and/or chats), Facebook messenger logs, IP logs, Wi-Fi connecting logs, all Messenger voice and video calls, photos, and videos, voice messages, stickers, location data, last location of mobile device, shared locations, check-ins, call logs, Messenger payments made and received, temporary links to media attachments, any and all group information associated with this Facebook account. Any and all deleted material that is accessible to Facebook from the above listed Facebook account"

26. The warrant for the Defendant's Google account provided " Account information, hangout chat, android information, evidence of user attribution, calendar, contacts, documents, gmail, google photos, location history, play store, search history, voice, google home, and android auto"

27. Aside from a restriction of date, there is no other restriction on the information and invasion of the defendant's privacy all based on a singular statement of an alleged victim. Therefore the

Defense asserts these warrants and the related evidence be suppressed as a violation of the Defendants Fourth Amendment Rights.

28. General warrants are prohibited by the Fourth Amendment's command that "no warrant shall issue [unless] particularly describing the place to be searched and the persons or things to be seized." (Fourth Amendment, *Coolidge v. New Hampshire*, 403 US 443, 467 (1971). Thus, in order to prevent a wide-ranging exploratory search, "the warrant must enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize." *United States v. George*, 975 F2d 72 (2d Cir., 1992); *Steele v. United States*, 267 US 503; *United States v., Vargas*, 621 F2d 54, 56 (2d Cir.,), cert. denied,449 US 854 (1980).

29. In *United States v. Rosa*, 626 F3d 56,(2d Cir., 2010) the Court found that a warrant was overbroad and did not describe with particularity the items to be seized. That is true in this case because there was basically no "judicial limit on the scope of their search...." *United States v. Rosa*, supra, citing *United States v. Liu*, 239 F3d 138, 140 (2d Cir., 2000). Like the facts here, aside from a temporal limitation, otherwise the government had no restriction relative to the information the warrant would encapsulate.

## EARLY DISCLOSURE OF JENCKS ACT MATERIAL

30. The Defendant moves for the entry of an Order of this Court of the Government to provide him with statements and reports within meaning of the Jencks Act, 18 U.S.C. § 2500, not less than forty-eight hours prior to trial in this case.

31. In the interest of judicial economy in avoiding the inevitable delay associated with delayed production of Jencks Act material until after a government witness testifies and

in order to avoid jury confusion that necessarily results from such delay, the Defendant asks that the Court direct the Government to turn Jencks Act material over to the Defense prior to trial. Although the provisions of the Jencks Act dictate that such material should be turned over after the witness has testified, the preference for later disclosure was promulgated to protect the witness from harassment, a threat that is not present in this case.

32. Due to the nature of this case, early disclosure of Jencks Act material is warranted. Only by early review of the Jencks Act material will the Defense be able to properly put forth a clear and concise case, avoiding the inevitable delays that come with turning over the material after the witness has testified. Furthermore, the time considerations of reviewing such material during the trial will necessarily prevent the Defense from fully reviewing and evaluating the material disclosed. Given this, due process as well as effective assistance of counsel concerns dictates that the material should be turned over to the Defense well in advance of trial.

## BRADY MATERIAL

33. Defendant moves for an order compelling the government to disclose all potentially favorable evidence, including but not limited to: statements, grand jury testimony, witnesses, books, paper, reports, photographs, handwritten notes, synopses of statements made by witnesses or any other tangible items of evidence in the custody and control of the government or any governmental agency or agents working with or under the supervision of the government. *Brady v. Maryland*, 373 U.S. 83.

## DISCLOSURE OF 404(b) EVIDENCE

34. Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Priscilla Vogelbacher

Respectfully requests that the government notify her of any evidence that the Government contends would be admissible under Rule 404(h) of the Federal Rules of Evidence.

35. Priscilla Vogelbacher also requests pretrial disclosure of any evidence the Government intends to use to impeach Defendant's credibility if she should choose to testify. In the event that Government intends to use such evidence, Priscilla Vogelbacher requests a pretrial hearing to determine the admissibility of such evidence.

## **LEAVE TO SUBMIT FURTHER MOTIONS**

36. Deponent has made timely efforts to submit motions addressing Priscilla Vogelbacher pretrial brief. It may, however, in the future be necessary to submit additional motions based on information and materials thereafter obtained.

37. Deponent respectfully asks this Court for permission to submit additional motion and/or to supplement the enclosed motion.

Dated: Buffalo, NY
       November 18, 2020

/s/ Frank M. Bogulski
FRANK M. BOGULSKI
Attorney for Defendant
*Priscilla Vogelbacher*
286 Delaware Avenue, Suite B
Buffalo, New York 14202
(716) 649-0090
