IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.                                    20-CR-98-LJV-MJR

PRISCILLA VOGELBACHER,

                       Defendant.
_____

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S OMNIBUS MOTION

The Defendant has filed pretrial motions seeking various forms of relief. The United States of America, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Douglas A. C. Penrose, Assistant United States Attorney, of counsel, hereby files the government's response to the Defendant's pretrial motions.

## PRELIMINARY STATEMENT

On December 6, 2019, the Defendant appeared before this Court for an initial appearance after being charged by way of complaint with interstate travel to engage in illicit sexual conduct in violation of Title 18, United States Code, Section 2423(b).

On July 9, 2020, a Grand Jury impaneled in the Western District of New York returned a three-count indictment against the Defendant, charging her with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b), and two counts of

interstate travel to engage in illicit sexual conduct, in violation of Title 18 United States Code, Section 2423(b). (Dkt. 15.)

On November 18, 2020, the Defendant filed pretrial motions (Dkt 26), and the following constitutes the government's response. For the convenience of the Court and counsel, the government's response generally follows the order of arguments presented in the Defendant's motion.

The government specifically reserves its right to file any necessary Memoranda of Law with respect to any factual or legal issues developed during the argument with respect to the instant motions and to respond to any motions or requests to which the Defendant has requested leave to file or reserved.

## I.      The Indictment Properly Sets Forth the Essential Elements of the Charged Conduct in Count 1 and Is Therefore Not Facially Deficient.

The Defendant moves to dismiss Count 1 of the Indictment for failing to specify "a separate state or federal crime under which [the Defendant] can be prosecuted as an element of a violation of 18 U.S.C. § 2422(b)." This argument—supported by a single citation to an out-of-circuit decision[1]—is meritless. 18 U.S.C. § 2422(b) makes it a crime to use a means of interstate commerce to entice a minor "to engage . . . in any sexual activity for which any person can be charged with a criminal offense." Count 1 of the Indictment tracks this statutory language and sets forth the essential elements and core criminality of the charge. It is not an element of the charge and it is not required under Second Circuit law that the indictment

---

[1] And even that case is inapposite. *United States v. Stock affirmed* a challenged indictment charging the defendant with interstate threats where the defendant had argued that his alleged statement did not constitute a threat under the relevant statute. 728 F.3d 287, 292 (3d Cir. 2013)

delineate the particular state offense with which a defendant could be charged. The Defendant's motion to dismiss the Indictment therefore should be denied.

"A criminal defendant is entitled to an Indictment that states the essential elements of the charge against [her]," and if the Indictment fails to do that, it "offends both the Fifth and Sixth Amendments." *United States v. Pirro*, 212 F.3d 86, 91-92 (2d Cir. 2000). To comport with these constitutional strictures, Federal Rule of Criminal Procedure 7(c)(1) provides that the Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Thus, "an Indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975)). Courts have found that "an Indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [s]he must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).[2]

In the context of a prosecution under 18 U.S.C. § 2422(b), the Second Circuit and other circuits have repeatedly held that the specific criminal offense that a defendant could be charged with is not an element of the crime. The essential elements of this crime are "that an individual (i) used a facility of interstate commerce; (ii) to knowingly persuade, induce, or entice, or to attempt to persuade, induce or entice; (iii) any individual who is younger than

---

[2] As the Court in *Stavroulakis* recognized, once an indictment is deemed sufficient by alleging the essential elements of the crime, "the underlying concerns of proper pleading—notice of the charge to be met and protection against double jeopardy—may be further promoted by a bill of particulars of pre-trial discovery." 952 F.2d at 693 (citing *United States v. McClean*, 528 F.2d 1250, 1257 (2d Cir. 1976)). The need for a bill of particulars is discussed in Section II below.

eighteen-years old; (iv) *to engage in sexual activity of a criminal nature*." *United States v. Brand*, 467 F.3d 179, 201-02 (2d Cir. 2006) (emphasis added); *see also United States v. D'Amelio*, 565 F. App'x 61, 62 (2d Cir. 2014) (same); *United States v. Douglas*, 626 F.3d 161, 164 (2d Cir. 2010) (same). Thus the particular state or federal statute is not an *element* of the crime, as the Defendant suggests, (Dkt. 26, 2.). Other circuits to address this issue have reached the same conclusion. *See, e.g.*, *United States v. Goetzke*, 494 F.3d 1231, 1234-35 (9th Cir. 2007) (listing same four elements, with final element being that the defendant enticed the victim "to engage in sexual activity that would constitute a criminal offense"); *United States v. Dávila-Nieves*, 670 F.3d 1, 7 (1st Cir. 2012) (listing the fourth element as enticement "to engage in criminal sexual activity"); *United States v. Engle*, 676 F.3d 405, 411-12 (4th Cir. 2012) (describing fourth element as enticement "to engage in illegal sexual activity"); *United States v. Bolen*, 136 F. App'x 325, 329 (11th Cir. 2005) (same); *United States v. Cochran*, 534 F.3d 631, 633 (7th Cir. 2008) (listing fourth element as enticement "to engage in any sexual activity for which any person can be charged with a criminal offense") (internal quotations omitted); *United States v. Faust*, 795 F.3d 1243, 1248 (10th Cir. 2015) (same).

Applying these precepts to Count 1 of the Indictment, it is apparent that the Indictment is sufficient. Count 1 alleges that "From in or about November 2018 until in or about June 2019 . . . [the Defendant], using facilities and means of interstate and foreign commerce, that is, a cellular telephone and the internet, did knowingly persuade, induce, entice, and coerce . . . Victim 1, . . . to engage in sexual activity for which any person can be charged with a criminal offense." (Dkt. 15, 1.) This tracks the statute's language, sets forth the approximate time of the alleged conduct, and includes each of the necessary elements. No more is required. *See, e.g.*, *United States v. Powell*, 1 F. Supp. 2d 1419, 1423 n.7 (N.D. Ala. 1998) (finding that

under the Supreme Court's holding in *Hamling*, § 2422(b) "sets forth all the elements of the offense 'fully, directly, and expressly, without any uncertainty or ambiguity' [and t]herefore, an indictment that tracks the language of § 2422(b) provides a defendant with adequate notice") (internal quotations omitted); *Bolen*, 136 F. App'x at 329 (rejecting challenge to § 2422(b) indictment that did not specify the particular state or federal crime).

Instructive in this regard is *United States v. Vickers*, a case from this district involving a similar statute, 18 U.S.C. § 2423(a) (transportation of a minor), that was recently affirmed on appeal. In *Vickers*, the defendant moved to dismiss the indictment making essentially the same argument that the Defendant makes here, *i.e.*, that the indictment was defective in that it alleged only that the defendant had transported the minor victim in interstate commerce "with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense." No. 13-CR-128-A, Dkt. 137, at 6-12 (W.D.N.Y. Nov. 19, 2015) *aff'd* 708 F. App'x 732 (2d Cir. 2017). The court denied the defendant's motion, finding that the indictment, which tracked the language of the statute, sufficiently informed the defendant of the charges and allowed him to plead double jeopardy in a future prosecution based upon the same conduct. *Id.* at 9-10. In doing so, the court explicitly rejected the notion that the specific state statute that the defendant violated or intended to violate was an essential element of the crime. *Id.* at 10. *See also United States v. Berk*, 652 F. 3d 132, 137-38 (1st Cir. 2011) (rejecting challenge to § 2422(b) indictment that did not specify underlying state crime and noting that neither it nor other Courts of Appeal had ever held that identifying a specific criminal offense is a requirement in a § 2422 indictment); *United States v. Lasalle*, ACM 38323, 2014 WL 842981, at *4 (A.F. Ct. Crim. App. Feb. 10, 2014) (concurring with majority of federal circuit courts that underlying state crime need not be alleged in § 2422(b) charging instrument); *Kozak*

*v. United States*, 11-cr-121, 2018 WL 691642, at *4 (M.D. Fla. Feb. 2, 2018) (stating that "there is no . . . constitutional requirement" to plead the underlying state statute for a § 2422(b) charge).

An inquiry into the sufficiency of an Indictment additionally involves an analysis of whether a defendant was adequately put on notice of the "core of criminality" of the charges. *See United States v. Vilar*, 729 F.3d, 62, 81 (2d Cir. 2013). The Second Circuit has "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial," *United States v. Patino*, 962 F.2d 263, 266 (2d Cir. 1992). The "'core of criminality' of an offense involves the essence of a crime, in general terms; the particulars of how a defendant effected the crime falls outside that purview." *United States v. D'Amelio*, 683 F.3d 412, 417-18 (2d Cir. 2012). In *D'Amelio*, which also concerned a § 2422(b) prosecution, the court addressed a claim by a defendant that the indictment was constructively amended when the government introduced evidence of telephone and internet communications at trial when the indictment had only included a reference to internet communications. *Id.* However, the Court concluded that the specific means of interstate commerce was not part of this "core of criminality." *Id.* at 421-22. Similarly, in the present case, the "core of criminality" is the Defendant's enticement of the Victim using a means of interstate commerce to engage in criminal sexual activity. The particulars of how the Defendant effected the crime, which would include the underlying state statutes implicated by the Defendant's conduct, falls outside the "core of criminality" and was not required to be included in the Indictment.[3]

---

[3] Moreover, as discussed below, the government will file a bill of particulars to provide the defendant with sufficient notice of the underlying state statutes that the government believes have been violated by the defendant's conduct.

II.   **The Defendant's Motion for a Bill of Particulars Is Entirely Unsupported and Should Be Denied.**

The Defendant moves for a bill of particulars requesting a variety of information, including exact dates, times, and places of the alleged offenses, the means by which the offenses were committed, the type of sexual conduct alleged, the statute that was violated by the alleged conduct, and whether the Defendant acted in concert with another individual. (Dkt. 26, 3.) The Defendant provides no support for her various requests, which are generally an inappropriate attempt to require the government to preview its trial evidence. Furthermore, the Defendant's requests are unjustified given the detail provided in the Indictment, the previously filed Criminal Complaint, and the discovery that the government has already provided. Nevertheless, the government will file a bill of particulars with respect to Count 1 in the Indictment regarding the specific state statutes for which the Defendant could have been charged.

"While it is within this Court's sound discretion to order the filing of a Bill of Particulars, the burden is upon defendant[] to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights." *United States v. Anguiera*, No. 11-CR-116S, 2012 WL 1232096, at *2 (W.D.N.Y. Apr. 12, 2012) (citations omitted). Here, the Defendant has done nothing to satisfy her burden other than claiming in conclusory fashion that her requests are necessary "in order to properly prepare a defense and avoid surprise at trial." (Dkt. 26, 3.) This alone should preclude the Defendant's request. Nevertheless, if the Court considers the merits of the Defendant's motion, it can consider such factors as: (1) the complexity of the charges, (2) the clarity and level of detail in the Indictment, and (3) the degree of discovery available to the defendant. *United States v. Santiago*, 174 F.Supp.2d 16, 34 (S.D.N.Y. 2001) (citing *United States v. Shoher*,

555 F.Supp. 346, 349 (S.D.N.Y. 1983)). Each of these factors weighs in favor of denying the Defendant's request.

A bill of particulars is intended to allow a defendant "to identify with sufficient particularity the nature of the charge pending against [her], thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [s]he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). In this regard, a bill of particulars is appropriate only where the information sought is *necessary*, and not merely helpful. *United States v. Aliperti*, 867 F. Supp. 142, 148 (E.D.N.Y. 1994). A bill of particulars is necessary only if "directed to curing defects in an indictment—that is, a bill of particulars clarifies the charges against the defendant." *United States v. Gotti*, 784 F. Supp. 1017, 1019 (E.D.N.Y. 1992).

A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case." *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (citing *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir. 1967) (per curiam); *United States v. Remy*, 658 F.Supp. 661, 670 (S.D.N.Y. 1987)). The government is not obligated to disclose either the manner in which it will attempt to prove the charges or the precise manner in which the Defendant committed the crime charged. *See id.* Nor is a bill of particulars intended to serve as an all-purpose pretrial investigative tool for the defense. *See United States v. Sindone*, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002). Nor is it appropriate for a defendant to use Rule 7(f) as a mechanism to limit the government's evidence or flush out its prosecutorial theories in advance of trial. *See United States v. Weinberg*, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987) (overruled on other grounds); *see also United States v. Ianniello*, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further

disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars").

Even if a bill of particulars is an appropriate mechanism for the requested information, the request should still be denied "if the information sought by the defendant is provided in the indictment or in some acceptable alternate form." *United States v. Mingle*, 03-CR-54E, 2004 WL 1746936, at *2 (W.D.N.Y. July 28, 2004) (citing *Bortnovsky*, 820 F.2d at 574) (internal quotations omitted); *see also United States v. Ojeda*, 412 Fed. Appx. 410, 411 (2d Cir. 2011) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means") (citation omitted).

Here, the Defendant requests information beyond what a bill of particulars is intended to provide. The Indictment specifies the particulars for each of the alleged offenses, including the elements of the offenses charged, the manner and methods used to commit the violations, the dates on which the charged conduct took place, and the statutory citations for the violations. Count 1 charges the Defendant with enticement of a minor, specifying the minor victim who was enticed (Victim 1),[4] a relatively narrow timeframe (November 2018 to June 2019), and the means of interstate commerce used (a cellular telephone and the internet). (Dkt. 15, 1.) Counts 2 and 3, which allege travel to engage in illicit sexual conduct, are equally detailed, setting forth the elements of the offense and a timeframe of two or three days in which the alleged conduct took place. (*Id.* at 2.) This level of detail alone largely serves as an adequate basis to deny the Defendant's motion for a bill of particulars. Unsurprisingly, courts have rejected similar requests as the Defendant makes here. *See, e.g.*, *United States v. McDarrah,* No. 05 CR 1182, 2006 WL 1997638, at *8-9 (S.D.N.Y. July 17, 2006) (rejecting bill of

---

[4] There is no claim that the Defendant is unaware of the identity of Victim 1. Nor could there be, as the Victim's identity has been disclosed to the Defendant through the government's discovery.

9

particulars in relation to 18 U.S.C. § 2422(b) charge that requested the "specification of the sexual activity, which the grand jury found the Defendant attempted to persuade a minor to engage in"); *United States v. Kufrovich*, 997 F. Supp. 246, (D. Conn. 1997) (denying motion for bill of particulars requesting "(1) what means of interstate commerce were used . . . and (4) the nature of the alleged sexual act" in prosecution for violation of 18 U.S.C. § 2422(b)).

It is worth noting that the charges against the Defendant are not complex, difficult to understand, or even particularly broad, such that a bill of particulars might be more appropriate. *See, e.g.*, *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir.1998) (holding that a bill of particulars is appropriate "where a conspiracy count covers a complex series of events over a number of years, but [the indictment] provides only the bare bones of the charge"); *United States v. Davidoff*, 845 F.2d 1151, 1154–55 (2d Cir.1988) (noting that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO"); *United States v. Garner*, 17-CR-49-LJV-MJR, 2017 WL 7661427, at *3-4 (W.D.N.Y. Nov. 30, 2017) *report and recommendation adopted*, No. 17-CR-49-V, 2018 WL 827146 (W.D.N.Y. Feb. 12, 2018) (denying motion for bill of particulars for conspiracy charge that "spanned only six months and does not appear to have been particularly complex"). The conduct here took place over a matter of days or months and relate to a single victim and a discrete set of events. In short, the Indictment is a straightforward charging instrument that contains a level of precision that by itself is a sufficient basis for this Court to deny the Defendant's demand for a bill of particulars.

Even if the Defendant's request for a bill of particulars is justified—it is not—much of the requested information is contained in the Criminal Complaint that preceded the

Indictment in this case or in the discovery that the government has already provided, which further supports denying the Defendant's request for a bill of particulars. The Criminal Complaint is supported by a detailed affidavit that sets forth the precise date, time, and place of the conduct that forms the basis of Counts 2 and 3 of the Indictment. (Dkt. 1, 6-8).[5] And even though the Criminal Complaint did not allege a violation of 18 U.S.C. § 2422(b), the affidavit frames the parameters of Count 1 in the Indictment, including the means of interstate commerce utilized ("text messages, phone calls, Facebook Messenger, and Google Hangouts"). (*Id.* at 4.) The government has also provided substantial discovery under Rule 16, all of which was provided in an organized and searchable manner. This included search warrant returns for the Defendant's and the Victim's Facebook and Google accounts; search warrant applications and supporting affidavits for those search warrants; case files from the Town of Ellicott and Jamestown Police Departments regarding the alleged conduct (which include initial incident reports, investigative reports, witness statements, and other documents); photographs of items that the Defendant provided the Victim; and business records showing the Defendant's travel to the Western District of New York on the dates alleged in Counts 2 and 3 of the Indictment. Taken together, the Criminal Complaint and discovery produced by the government in this matter has provided the Defendant with ample notice of the specifics of the crimes with which she is charged.

Finally, with respect to Count 1 of the Indictment, the government will file a bill of particulars identifying the specific state offenses for which the Defendant could be charged. This renders the Defendant's motion moot with respect to this request.

---

[5] Page citations refer to the pages listed in the electronic filing header rather than the affidavit's internal pagination.

### III.    The Government Has Complied With Its Discovery Obligations and Will Continue To Do So.

The Defendant makes various requests for disclosure under the auspices of Rule 12 and Rule 16 of the Federal Rules of Criminal Procedure (Dkt. 26, 4-9). The government generally responds to the Defendant's request by stating that it has, to date, fully complied with Rule 16 and Rule 12(b)(4)(B), will continue to do so, and declines to provide discovery beyond that which is required. In federal court, "pre-trial discovery in criminal cases is strictly circumscribed." *United States v. Nelson*, 606 F.Supp. 1378, 1379 (S.D.N.Y. 1985). "Although Rule 16(a) [of the Federal Rules of Criminal Procedure] provides a mechanism for liberal discovery, it was not intended to provide the defendant with access to the entirety of the government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Nevertheless, as already noted, the government has provided a significant amount of discovery material to the defense counsel and the government has not refused the Defendant access to any items falling within Rule 16.

Most of the Defendant's requests appear to be boilerplate discovery requests that far exceed the bounds of information required to be disclosed under Rule 16 and bear little relation to the instant case. However, the government provides the following representations and responses:

- The government has provided all the memorializations of statements that the Defendant made that are currently in the government's possession. At this time, the government is unaware of any statements by the Defendant made in response to interrogation by a government agent.

- Pursuant to Rule 16(a)(1)(D), the government is not aware of the Defendant having a criminal record beyond what was provided to counsel in the Pretrial Services Report.

- Pursuant to Rule 16(a)(1)(F), the government is unaware of any results or reports of any physical or mental examination or of any scientific test or

experiment associated with this case. If the government comes into possession of any such materials, the government will promptly provide them to defense counsel.

- The government is unaware of there being any body camera footage from the Defendant's arrest.

- With respect to the San Disk 4 GB SDHC card and the San Disk Cruzer Glide 16 GB USB drive, the government does not believe they contain any Rule 16 material or *Brady/Giglio* material. The items are in the possession of the Town of Ellicott Police Department and can be made available for counsel's inspection upon request.

- It is unclear what "hotel information" the Defendant is referring to in her request 10.(e). Regardless, the government is not aware of any search warrants obtained by the Town of Ellicott and/or Jamestown Police other than those that have already been provided, which do not include search warrants for information in the possession of any hotels.

- The government is not in possession of any medical reports from the Victim in this case.

- With respect to the Defendant's request for the disclosure of expert witnesses intended to be called at trial, such a request is premature at this point, as no experts have been designated by the government for this case. In the event that the government does designate expert witnesses, it will comply with the discovery obligations pursuant to Fed. R. Crim. P. 16 (a)(1)(G).

## IV.   Defendant's Motion for Bodycam Footage Is Moot.

As stated above, the government is not in possession of any body camera footage relating to the Defendant's arrest. Nor is it in possession of any other body camera footage related to this case. Without conceding that the Defendant's request for a subpoena for such footage and for the policy manuals of the Jamestown Police Department concerning body camera footage is appropriate, it is nevertheless moot.

**V.     Defendant's Motion to Preclude Defendant's Statements Is Baseless.**

The government does not understand the Defendant's assertion that the government "does not intend to use any statements from [the Defendant] against her at trial." (Dkt. 26, 10.) Through the discovery already provided, the government has provided the Defendant with numerous of her statements that the government fully intends to use at trial. If the Defendant is referring specifically to statements made to a government agent under Rules 16(a)(1)(A) and (a)(1)(B)(ii) or a statement to a grand jury under Rule 16(1)(a)(1)(iii), the government agrees that it is not currently aware of or in possession of any such statements. If the government later comes into possession of such a statement, it will be provided to the Defendant pursuant to the government's continuing discovery obligations and the government will respond to any motion to preclude such statement that the Defendant thereafter chooses to bring.

**VI.     The Defendant Is Not Entitled to Early Disclosure of Witness Statements.**

The Defendant seeks early disclosure of witness statements covered by Title 18, United States Code, Section 3500 (the "Jencks Act"). (Dkt. 26, 10-11, 13-14.) The Defendant does not set forth any specific reason why early disclosure of such materials is necessary in this case. The government will comply with our practice and the trial court's practice to disclose witness statements before trial. That practice should be followed because the Defendant has failed to make any showing of good cause for the extraordinary, expedited relief that she seeks.

### VII.   Defendant's Request Regarding Preservation of Rough Notes Is Moot.

The Defendant moves this Court to issue an order requiring all government agents to preserve their rough notes. (Dkt. 26, 11.) The government agrees to, and has already instructed the criminal agents involved in this matter to preserve their rough notes. Therefore, this issue is moot.

### VIII.   The Defendant Has Not Provided Sufficient Grounds to Require the Government to Produce Grand Jury Transcripts or Exhibits in this Case.

The Defendant moves the Court to disclose the testimony and exhibits presented to the grand jury in this case. (Dkt. 26, 11-12.) The Court should summarily deny this motion. Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, a Court may only permit disclosure of matters occurring before the grand jury "at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury." That rule, as authoritatively construed, places the burden upon a defendant to show a particularized need for grand jury minutes which outweighs the policy of secrecy and presumption of regularity before such minutes are turned over. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *In Re Grand Jury Investigation (General Motors Corp.)*, 32 F.R.D. 1975 (S.D.N.Y.), *appeal dismissed*, 318 F.2d 533, *cert. denied*, 375 U.S. 802 (1963). The Defendant has made no such showing here and thus her motion should be denied.

As the court noted in *United States v. Elliott*, "[i]t is axiomatic that an indictment returned by a legally constituted and unbiased grand jury is valid on its face, and is enough to call for a trial of the charge on the merits." 363 F.Supp.2d 439, 451 (N.D.N.Y. 2009) (citing *United States v. Williams*, 504 U.S. 36, 54 (1992)). Thus, it is incumbent on the Defendant

demonstrate "a 'particularized need' or 'compelling necessity' for disclosure which outweighs the policy of grand jury secrecy." *Elliott*, 363 F.Supp.2d at 451 (*citing* Fed. R. Cr. P. 6(e); Resultingly, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) *overruled on other grounds as recognized by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). Additionally, indictments are not open to challenge on the ground that they are unsupported by sufficient or competent evidence. *United States v. Calandra*, 414 U.S., 338 at 338, 34-45 (1974).

Here, the Defendant fails to offer *any* particularized justification in requesting the Grand Jury transcripts. The Defendant makes no claim of government misconduct or that the grand jury was presented with incompetent evidence (not that this would be a permissible basis upon which to require disclosure of the grand jury transcripts or exhibits). All that the Defendant states in support of her motion is that she is "the subject of a 'bare bones' indictment, which in many ways does not set out the criminal conduct [and that she] has limited information as to who the witnesses against her will be." (Dkt. 26, 11-12.) First, this is statement is simply incorrect. As discussed at length above, the Indictment in this case is sufficiently particular and provides the Defendant with adequate notice such that she can prepare her defense or raise a claim of double jeopardy. And based on the Indictment, the Criminal Complaint, and the substantial discovery provided, the Defendant has ample information regarding the witnesses that the government will present. Second, regardless of the Defendant's claims about the specificity of the Indictment or her ability to forecast the government's witnesses, such a claim is wholly insufficient as a matter of law to make the

necessary showing for the Court to require that the grand jury transcripts and exhibits be turned over. Therefore, the Defendant's motion in this regard should be denied.

### IX.   The Google and Facebook Search Warrants Are Not Overbroad and Thus the Defendant's Motion to Suppress Should be Denied.

The Defendant moves to controvert the search warrants for her Facebook and Google accounts the on the ground that they are overbroad. (Dkt. 26, 12-13.) In making this argument, the Defendant ignores the detailed language contained in the search warrant applications as well as generally-settled law that the government may properly seize a user's entire Facebook or Google account once it establishes probable cause that communications contained in those accounts are evidence of a crime. As such, the Defendant's motion should be denied.

The Warrants Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The purpose of the clause is to eliminate searches not based on probable cause and to limit those searches deemed necessary, thereby protecting against "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). "To achieve its goal, the Warrants Clause requires particularity and forbids overbreadth." *United States v. Cioffi*, 668 F. Supp. 2d 385, 390 (E.D.N.Y. 2009). "Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited to the probable cause on which the warrant is based." *United States v. Hill*, 459 F. 3d 996, 973 (9th Cir. 2006). Here, the Defendant challenges only the breadth of the two warrants. (Dkt. 26, 12-13.) A search warrant is not overbroad so long as "there exists probable

cause to support the breadth of the search that was authorized." *United States v. Dinero Express, Inc.*, No. 99-Cr-975, 2000 WL 254012, at *9 (S.D.N.Y. Mar. 6, 2000); *see United States v. Dupress*, 781 F. Supp. 2d 115, 154 (E.D.N.Y. 2011). This determination "is based on a totality-of-the-circumstances analysis . . . [of] 'whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Against this backdrop, courts have routinely upheld search warrants similar to those at issue here. In *United States v. Scully*, the court upheld a search warrants for Yahoo accounts against the defendant's challenge that they were overbroad "because they mandated disclosure of the entire contents of the email accounts and the seizure of those email." 108 F. Supp. 3d 59, 89-93 (E.D.N.Y. 2015). Rejecting this argument and finding that the search warrants were not overbroad, the court cited with approval *In re: A Warrant for All Content Associated with the Email Account xxxxxxx@Gmail.com Maintained at Premises Controlled by Google, Inc.*, 33 F. Supp. 3d 386, 390-94 (S.D.N.Y. 2014), which had noted that "every case of which we are aware that has entertained a suppression motion relating to the search of an email account has upheld the Government's ability to obtain the entire contents of the email account to determine which particular emails come within the search warrant." *Scully*, 108 F. Supp. 3d at 95 (internal citations omitted). *See also United States v. Liburd*, No. 17-CR-296, 2018 WL 2709199, at *3 (E.D.N.Y. June 5, 2018) ("[B]ecause of the nature of digital media searches, it was proper for the search warrant to allow the FBI to search the entire contents of Defendant's Facebook account, once [the judge] determined that there existed probable cause to believe that evidence relating to Defendant's criminal activity was contained in that account, even if the account also contained information unrelated to criminal activity");

*United States v. Westley*, No. 3:17-CR-171, 2018 WL 3448161, at *13 (D. Conn. July 17, 2018) (upholding a Facebook search warrant with a similar list of items to be disclosed by Facebook for information "dating back years").

Here, the search warrants are unquestionably supported by probable cause sufficient to justify the search of the Defendant's Google and Facebook accounts. Each search warrant application contained a detailed affidavit and substantial supporting documentation. The affidavits recount the Victim's allegations and describe law enforcement's subsequent investigation into those allegations. (*See* Exhibit B, Facebook Search Warrant Application, 4-6; Exhibit D, Google Search Warrant Application, 1-4.)[6] They also specifically make reference to the fact that the Victim told law enforcement that the Defendant communicated with her between the of summer 2018 and July 2019 using Facebook (including Facebook Messenger) and the Google Hangouts chat application. (Ex. B, 4, 6; Ex. D, 2, 4). Thus, the Defendant is incorrect to allege that the affidavits "provide no direct dates or times relative to the communication, or to the specifics linking particular apps or platforms." (Dkt. 26, 12.) The Defendant is similarly incorrect to state that the search warrants were "based on a singular statement of an alleged victim." (*Id.*) Setting aside the detailed nature of the Victim's statement, which alone would be sufficient to justify the search, the Victim's statement was also corroborated by law enforcement's independent investigation. Specifically, an examination of the Victim's phone reflected email communications between the Victim and the Defendant's Google account as well as messages between the Victim and the Defendant on the Google Hangouts application. (Ex. B, 5; Ex. D, 3.) Together, there was ample support for the judge to find that there was probable cause to search the Defendant's accounts,

---

[6] All exhibits will be filed separately under seal.

particularly given that the search was temporally limited. (*See* Ex. A, Facebook Search Warrant, 1; Ex. C, Google Search Warrant.)[7] Therefore, the Defendant has failed to show how the search warrants in the present case are overbroad, and as such, her motion to suppress should be denied.

Even if the search warrants are overbroad—they are not—the good faith doctrine set forth in *United States v. Leon*, 468 U.S. 897 (1984) would apply. This doctrine provides that a police officer relying in "good faith" on a warrant should not bear the consequences of a magistrate's error in issuing that warrant unless the officer misled the magistrate in his affidavit; the magistrate "wholly abandoned his judicial role" such that "no reasonably well trained officer should rely on the warrant;" or the warrant was "based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Leon*, 468 U.S. at 923 (*quoting Brown v. Illinois*, 422 U.S. 590, 610-11 (1975) (Powell, J., *concurring* in part)). In arriving at this holding, the Court acknowledged the following three factors:

> First, the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion. Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate.

*Leon*, 468 U.S. at 916.

---

[7] The defendant cites to *United States v. Rosa*, 626 F.3d 56 (2d Cir. 2010) in support of her motion. That case presented circumstances markedly different from the instant case. In *Rosa*, the search warrant allowed law enforcement to conduct a "limitless search on [the defendant's] electronic media." *Id.* at 62. In contrast, the search warrants here were solely for the Defendant's Google and Facebook accounts, not all of her electronic media, and further were temporally limited.

The Second Circuit fully embraces the good faith doctrine from *Leon*, and has held that because a suppression of evidence "remedy exacts a heavy toll on the justice system, the exclusionary rule will apply only to deter 'deliberate, reckless, or grossly negligent conduct' by law enforcement." *United States v. Boles*, 914 F.3d 95, 103 (2d Cir. 2019) (quoting *Herring v. United States*, 555 U.S. 135, 144, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009)). "When an officer genuinely believes that he has obtained a valid warrant from a magistrate and executes that warrant in good faith, there is no conscious violation of the Fourth Amendment, 'and thus nothing to deter.'" *United States v. Raymonda*, 780 F.3d 105, 118 (2d Cir. 2015) (quoting *Leon*, 468 U.S. at 920-21).

Here, the Defendant does not articulate why the good faith doctrine should not apply. As such, unless and until the Defendant can specify the basis for her objection to application of the good faith doctrine, the Defendant's motion on this ground should be rejected.

## X.    The Government Will Continue to Comply with Its *Brady* and *Giglio* Obligations.

The Defendant seeks an order compelling the government to produce materials under the authority of *Brady v. Maryland*, 373 U.S. 83 (1963). (Dkt. 26, 14.) The government acknowledges its affirmative continuing duty to provide the Defendant with exculpatory evidence, as well as evidence that the defense might use to impeach the government's witnesses at trial. *See United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). The government believes it has already disclosed all *Brady/Giglio* material currently in the government's possession. Should any further *Brady/Giglio* material arise, the government acknowledges its duty to provide that material to the Defendant.

XI.     **The Court Should Deny the Defendant's Request for Early Disclosure of Rule 404(b) Evidence and Impeachment Evidence.**

The Defendant requests the Court to compel the disclosure of evidence pursuant to Rules 404(b) of the Federal Rules of Evidence as well as "any evidence that the Government intends to use to impeach [the] Defendant's credibility." (Dkt. 26, 14-15.) The latter request is presumably a request for evidence that would be admissible under either Rule 608 or 609.

Rule 404(b) of the Federal Rules of Evidence provides that the prosecution "shall provide *reasonable notice in advance of trial* ... of the general nature of any such evidence [of other crimes, wrongs, or acts] it intends to introduce at trial." Fed. R. Evid. 404(b) (emphasis added). No set timetable for notice is required, however, because evidence the government may seek to offer at trial often changes as the proof unfolds or as possible defenses are revealed at trial. *United States v. Aguirre-Parra*, 763 F. Supp. 1208, 1217 (S.D.N.Y. 1991). What constitutes reasonable notice "depends on the circumstances of the particular case." *United States v. Reddy*, 190 F.Supp.2d 558, 577 (S.D.N.Y. 2002). The District Court judge assigned in this case typically requires such disclosure by a date certain prior to trial. The United States will provide notification of any Rule 404(b) evidence it intends to introduce at trial well in advance of trial. The trial in this matter, however, has not yet been scheduled. The Defendant's motions, thus, should be denied as premature. *See United States v. Birkett*, 1999 WL 689992, *6 (S.D.N.Y.) (denying as premature defendants' motion for 404(b) evidence).

The government preliminarily notifies the Defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of a Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident. This notice is only preliminary in nature and is not intended to foreclose the government from relying on other Rule 404(b) evidence should

it deem the introduction of such evidence appropriate at the time of trial. The government will provide the Defendant with more definitive notice of its intent to rely on Rule 404(b) evidence when directed by the trial judge, or during trial if the trial judge excuses pre-trial notice on good cause shown. In accordance with usual administrative practices of the trial court, issues relating to the admissibility and use of such evidence should be resolved by the trial judge at the time of pre-trial conferences in this case.

With respect to the Defendant's requests for impeachment evidence, the Defendant is not entitled to pretrial disclosure of additional evidence the government intends to use to cross-examine her should she testify at trial. *See, e.g., United States v. Tomblin*, 46 F.3d 1369, 1388 n.51 (5th Cir. 1995) (indicating that Rule 608(b) does not require advance notice of the prosecutor's intent to use specific instances of defendant's conduct to impeach the defendant when he testifies); *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980) (same); *United States v. Messino*, 855 F. Supp. 955, 965 (N.D. Ill. 1994) (same).


## XII.    The Court Should Not Give the Defendant Leave To File Future Motions.

The Defendant requests leave to submit further motions. (Dkt. 26, 15.) The Defendant will be able to raise legal issues before trial to the extent they are not stale under Rule 12(b). However, the Court should not grant the Defendant's blanket request for permission to make additional motions. If, at a later date, the Defendant seeks to file a meritorious pretrial motion and can establish good cause for having failed to make such motion by the pretrial motions deadline that the Court has set in this case, the government will not oppose it. But the Court should not excuse the Defendant, in advance, of the requirement that she establish good cause for make a late pretrial motion.

23

### XIII.  The Government Hereby Provides Notice to the Defendant Under Rule 12(b)(4)(A).

The government intends to use all items of evidence that the Defendant has been provided with or been made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A).

### XIV.  The Government's Request for Reciprocal Discovery

Pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery. Specifically, the government requests that it be allowed to inspect and copy books, papers, documents, photographs, tangible objects, or copies or portions thereof which are within the possession, custody, or control of the Defendant which the Defendant intends to introduce as evidence in her case-in-chief at the trial. Additionally, the government requests to inspect and copy any results or reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case within the possession or control of the Defendant which the Defendant intends to introduce as evidence in her case-in-chief at the trial or which were prepared by a witness whom the Defendant intends to call at the trial when the results or reports relate to that witness's testimony.

Furthermore, pursuant to Rule 16(b)(1)(C), the government requests a written summary of any expert testimony that the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.

As of this date, the Defendant has not provided any reciprocal discovery to the government.

Pursuant to Federal Rule of Evidence 807, the government also requests disclosure in advance of trial, at a time to be set by the district judge, of any statements the Defendant proposes to utilize at a trial of this matter under the residual exception to the rule against hearsay.

In the absence of any opposition by the Defendant, it is respectfully requested that the relief sought, consistent with Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 807, be granted.

## CONCLUSION

The government respectfully requests that the Court deny the Defendant's motions (Dkt. 26).

DATED: Buffalo, New York, December 7, 2020.

JAMES P. KENNEDY, JR.
United States Attorney

BY:  /s/ DOUGLAS A. C. PENROSE
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     (716) 843-5868
     Douglas.Penrose@usdoj.gov