UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

PRISCILLA VOGELBACHER,

Defendant.

20-CR-98-V
ORDER

The defendant, Priscilla Vogelbacher, was charged in a three-count indictment with one count of enticing a minor to engage in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b), and two counts of travelling to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).  Docket Item 15.

On November 18, 2020, Vogelbacher moved, inter alia, to dismiss count one of the indictment and to suppress evidence.  Docket Item 26.  The government responded on December 7 and 8, 2020, Docket Items 29 and 30; on December 24, 2020, the government also filed a bill of particulars addressing the allegations in count one, Docket Item 31.  United States Magistrate Judge Michael J. Roemer heard oral argument on January 5, 2021, Docket Item 32, and, on February 2, 2021, issued a Report, Recommendation, and Order ("RR&O") addressing Vogelbacher's nondispositive and dispositive motions, Docket Item 33.

On February 16, 2021, this Court granted Vogelbacher's motion, Docket Item 34, for an extension of time until March 2, 2021, to file objections.  Docket Item 35.  Vogelbacher did not object to the RR&O, and the time to object now has expired.  For

that reason, the defendant has waived her right to have the RR&O reviewed.  *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see also* Docket Item 33 (RR&O providing notice of same).

Nevertheless, in its discretion, this Court has carefully reviewed the RR&O as well as the parties' submissions to Judge Roemer in connection with the motion to dismiss and motions to suppress.  Based on that review and the absence of any objection, and for the reasons stated in the RR&O, this Court adopts the RR&O in its entirety.

The Court agrees with Judge Roemer that the indictment is sufficient and that any issues of notice or prejudice "have been alleviated by the [g]overnment's voluntary provision of a bill of particulars," Docket Item 33 at 5.  *See United States v. Vickers*, 13-CR-128, Docket Item 137, at 6-12 (W.D.N.Y. Nov. 19, 2015) (Arcara, J.), *aff'd,* 708 F.App'x 732 (2d Cir. 2017)(summary order).  Likewise, this Court agrees with Judge Roemer that the defendant's motion to preclude the use of her statements is moot.  Docket Item 33 at 13.  And this Court also agrees with Judge Roemer that it need not decide whether the search warrants lacked the requisite particularity because the good faith exception would make application of the exclusionary rule inappropriate, *id*. at 10.  *See United States v. Purcell*, 967 F.3d 159, 179-80 (2d Cir. 2020).

The only issue that gives this Court any pause is the last one.  As the defendant correctly notes, the search warrants did not specify the offense for which the officers had established probable cause in their warrant applications.  But as Judge Roemer noted, each warrant application provided "ample detail regarding the defendant's alleged sexual contact with a minor child."  Docket Item 33 at 10.   And under similar

circumstances, the Second Circuit has held that the good-faith exception to the exclusionary rule applied.

More specifically, in *Purcell*, the Second Circuit explained that "[b]ecause the [w]arrant called for Facebook, Inc. to turn over specified information without first culling the information itself, the scope of Facebook's 'search' and its identification of the items to be seized were not tethered to its cognizance of the suspected criminal conduct." *Purcell,* 967 F.3d at 182.  Here, as in *Purcell*, the records that fell within the time restrictions in the warrants were merely collected by Google and Facebook, and the law enforcement officers who subsequently reviewed the records "had sufficient knowledge to guide any uncertainly about the suspected crimes."  Docket Item 33 at 12.  So as in *Purcell*, "the structure of the warrant rendered the specification of the suspected offense, while constitutionally indispensable, functionally unnecessary." *Purcell*, 967 F.3d at 183.

Accordingly, for the reasons stated above and in the RR&O, Vogelbacher's motions to dismiss, to preclude use of her statements, and to suppress are DENIED.

SO ORDERED.

Dated:      March 15, 2021
            Buffalo, New York


                                             *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE