IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   -v-                                                                                                                                                                            20-CR-98-V

PRISCILLA VOGELBACHER,

                        Defendant.

---

## GOVERNMENT'S MEMORANDUM REGARDING CHARACTER EVIDENCE

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, hereby submits this memorandum on behalf of the government to address evidentiary issues regarding the testimony of potential character witnesses offered by the defendant. At the outset, the government notes the following cases that may be helpful in evaluating the use of character evidence by a defendant: *United States v. Reich*, 479 F.3d 179, 190-91 (2d Cir. 2007); *United States v. Zodhiates*, 235 F. Supp. 3d 439, 449 (W.D.N.Y. 2017), *aff'd*, 901 F.3d 137 (2d Cir. 2018); *United States v. Krug*, No. 14-CR-102S (2)(3), 2016 WL 7045937, at *3 (W.D.N.Y. Dec. 2, 2016); and *United States v. Chan*, No. S1197CR.1053(PKL), 2002 WL 109528 (S.D.N.Y. Jan. 25, 2002).

Evidence of "good" and "honorable" behavior by a defendant, generally is not admissible at trial. If the defendant seeks to admit evidence of "good" behavior, such evidence is admissible only if it comports with the requirements of Fed. R. Evid. 404 and 405. Those rules provide the following limitations to "good conduct" evidence: (1) during direct

examination, a witness may provide only reputation or opinion testimony regarding "pertinent" character traits; (2) during cross-examination by the government, the witness may be questioned regarding his or her knowledge of any specific instances of a defendant's bad past conduct inconsistent with the "good" character trait introduced by the defendant; and (3) following admission of character evidence by the defense, the government is permitted to call its own rebuttal witnesses.  *See* Fed. R. Evid. 404 and 405.

     Generally, "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith."  Fed. R. Evid. 404(a)(1).  Pursuant to Rule 404(a)(2)(A), one limited exception to that rule is evidence that is offered by an accused in a criminal case regarding a "pertinent" character trait.  If the court determines that particular character evidence is "pertinent," and therefore admissible, the form and method of its proof are governed by Rule 405.  *See* Fed. R. Evid. 405, Advisory Committee Notes, 1972 Proposed Rules (Rule 404 deals with admissibility, whereas Rule 405 deals with allowable methods of proof).  Here, except for the general character trait of law abidingness, the government is aware of no other pertinent character trait.  *See United States v. Yarbrough*, 527 F.3d 1092,1101-02 (10th Cir. 2008) (evidence of a trait of being law abiding is generally relevant).

     Under Rule 405, the defendant's character witnesses must be restricted to testifying about their opinion of the relevant character traits or their knowledge of defendant's reputation in that regard.  These witnesses may not testify about specific instances of conduct

in keeping with that character trait. Fed. R. Evid. 405; *Michelson v. United States*, 355 U.S. 469, 477 (1948).

Under the foregoing principles, the defendant may not introduce evidence of her generally good character — *e.g.*, that she is a "good or honorable person." Nor can she put on evidence of specific acts of good conduct. In addition, the defendant may not offer evidence (either through government witnesses or her own witnesses), about specific commendations she may have received or about other notable achievements. *See United States v. Boylan*, 898 F.2d 230, 256 (1st Cir. 1990) (excluding evidence of police commendations under Rule 405); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of bravery, attention to duty and community spirit "hardly 'pertinent'" to mail fraud and perjury charges), citing *United States v. Barry*, 814 F.2d 1400, 1403-1404 (9th Cir. 1987) ("letters of commendation were hearsay").

However, if a witness testifies about his or her opinion of the defendant's reputation for "good" character, Rule 405(a) allows the government to cross-examine that witness to determine whether he or she has heard of or knows about specific instances of conduct indicating contrary tendencies. Additionally, under Rule 404(a)(1), the government may put on its own witnesses to rebut defendant's character evidence.

*Michelson v. United States*, 335 U.S. 469 (1948), the preeminent authority on issues regarding character testimony, includes the following discussion about the scope of cross-examination of character witnesses:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat — for it is not the man that he is, but the name that he had which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

*Id.* at 479.

Fed. R. Evid. 405(a) codified the rationale of *Michelson*, making clear that character witnesses may be cross-examined about specific instances of misconduct that are relevant to the character traits in question. The cross-examination of a character witness may even include inquiries which are not otherwise allowed. For example, it is generally impermissible to introduce extrinsic evidence or cross-examine a defendant about whether he has been arrested for or committed past misdeeds unrelated to the charged offense. Nonetheless, if a character witness testifies for a defendant, the cross-examination may include inquiry about the defendant's past crimes, wrongful acts, and arrests. *Michelson*, 335 U.S. at 482. Thus, if a defendant attempts to introduce evidence of his "good character," the government not only may cross-examine those character witnesses with evidence to the contrary, but may also introduce rebuttal witnesses to disprove the defendant's "good" character evidence.

4

DATED: Buffalo, New York, November 19, 2021

        Respectfully submitted,

        TRINI E. ROSS
        United States Attorney


BY:   s/ DOUGLAS A. C. PENROSE
       Assistant U.S. Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5868
       Douglas.Penrose@usdoj.gov


       s/ AARON J. MANGO
       Assistant U.S. Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5882
       Aaron.Mango@usdoj.gov